**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ISAAC N. JOHNSON : | |
|    Plaintiff : | |
| v : | Civil Action No. WDQ-06-3459 |
| UDAYAN SHAH, : | |
| MICHAEL ZATINA, | |
| and MANDANA SHABAZI : | |
|    Defendants : | |

o0o

# MEMORANDUM

The above-captioned case was filed on December 28, 2006, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's Motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff asserts that he was treated for gunshot wounds to his lower back and buttock area by doctors at St. Agnes Hospital. Paper No. 1. As part of his treatment, Plaintiff was given colostomies which he was told could be reversed in ten to twelve months. *Id*. Plaintiff asserts that the medical staff at Western Correctional Institution where he is now incarcerated refuses to provide him with the surgery required to reverse the colostomies because his conditions is the result of medical treatment received at St. Agnes Hospital. *Id*. He does not name prison medical staff as defendants in this case, but instead names medical personnel at St. Agnes Hospital.[1] In addition to monetary damages, he seeks an order from this Court requiring the doctors who treated him at St. Agnes Hospital to provide him with the required surgery. *Id*.

Staff at St. Agnes Hospital are not state actors, therefore, no constitutional claim may be

---

[1] To the extent Plaintiff wishes to allege a failure to provide constitutionally adequate medical care on behalf of the prison health care personnel, he may do so in a separately filed Complaint.

raised against them.[2]  "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen."  *DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999) *cert. denied* 529 U.S. 1033 (2000).  None of the acts or conduct alleged by Plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).

Furthermore, to the extent Plaintiff seeks to compel action on the part of St. Agnes staff, his action more closely resembles a request for mandamus relief filed pursuant to 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.  *In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). Assuming that the remedy sought by Petitioner is available in a state forum, it does not appear that Petitioner has even attempted to address his complaint with the State courts and, as a matter of comity, this Court will not intervene in a matter that the State courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

The case is dismissed.  A separate Order follows.

January 10, 2007  /s/
Date  William D. Quarles, Jr.
 United States District Judge

---

[2] There is no basis for diversity jurisdiction in this case as all parties reside in Maryland and the conduct alleged occurred in Maryland.  *See*  28 U.S.C. § 1391(a).